## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLLY N. BRENNAN | : | |
| | : | No. |
| VS. | : | **JURY TRIAL DEMANDED** |
| CARDIONET, INC. | | |

### CIVIL ACTION COMPLAINT

1. The Plaintiff, Hollie Brennan, is an adult individual who resides at 11871 B Academy Road, Philadelphia, PA 19154.

2. The defendant, Cardionet, Inc., is a corporation registered to transact business in the Commonwealth of Pennsylvania and has a place of business located at 227 Washington Street, Suite 200, Conshohocken, PA 19428.

### Jurisdiction

3. This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. Section 2601, et seq.

### Facts

4. Plaintiff commenced employment with defendant on about December 22, 2008 as an EKG Technician.

5. At all times material hereto, plaintiff suffered from two chronic medical conditions, both of which qualify as serious health conditions pursuant to the FMLA.

6. The defendant was, at all times material hereto, an "employer" pursuant to the FMLA in that it was engaged in commerce and employed 50 or more employees.

7. In November 2010, plaintiff was an eligible employee under the FMLA because she was employed by defendant for more than one year and she worked at least 1250 hours in the 12 months prior to November 2010. In early November 2010, Plaintiff was entitled to take up to 12 work weeks of FMLA leave in that she had not taken any significant FMLA protected leave in the previous 12 months.

8. In early November 2010, plaintiff submitted a formal written request for intermittent FMLA leave filled out by her physician and related to her chronic health conditions.

9. On November 7, 2010, plaintiff was terminated by defendant purportedly because another EKG Technician clocked her in to work on a single occasion just after she applied for FMLA leave. This proffered reason for plaintiff's termination was false. In fact, defendant told other employees that plaintiff was in fact terminated due to purported "attendance issues."

This proffered reason was also false. The true reason why plaintiff was terminated was because she requested intermittent FMLA leave.

10. At all times material hereto, plaintiff notified the defendant of her need to take intermittent FMLA leave and the expected frequency of her anticipated FMLA protected leave as soon as was practicable as required by the FMLA.

11. Plaintiff's treating doctors were health care providers as defined by the FMLA.

12. During all times material hereto, plaintiff was diagnosed with serious health conditions under the FMLA, and she was placed on plans of continuing treatment by her health care providers including medication, office visits, testing and consultation with specialists.

COUNT 1— FMLA

13. Plaintiff incorporates by reference paragraphs 1-12 below.

14. Defendant and its agents violated the FMLA by terminating plaintiff because she exercised her rights under the FMLA, and requested FMLA protected leave.

15. Defendant and its agents violated the FMLA by terminating plaintiff in retaliation for requesting FMLA protected leave.

16. Defendant and its agents violated the FMLA by discriminating against plaintiff and terminating plaintiff for requesting FMLA protected leave.

17. Defendant and its agents unlawfully interfered with plaintiff's FMLA rights by terminating her employment before she had a chance to take FMLA protected leave.

18. As a direct result of defendant's unlawful denial of FMLA rights and its termination of plaintiff's employment as described herein above, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses. Plaintiff has engaged in great efforts to mitigate her damages by searching for new employment, but she has been unsuccessful in her efforts to find equivalent employment to date.

19. Plaintiff is entitled to liquidated damages in an amount which is two (2) times actual damages because defendant and its agents intentionally, and/or in bad faith, violated the FMLA.

20. Plaintiff is entitled to recover reasonable attorneys fees and costs associated with the prosecution of this lawsuit.

21. Plaintiff is entitled to reinstatement of her employment.

WHEREFORE, plaintiff demands that judgment be entered in his favor against defendant for lost pay, lost bonuses, lost benefits, other financial losses, liquidated damages, attorneys fees, costs, interest, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Signature Code: SAD2282
Dion & Goldberger
1616 Walnut Street
Suite 1100
Philadelphia, PA 19103
215-546-6033
Attorney for Plaintiff